# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

INJAZAT TECHNOLOGY FUND B.S.C.,

        Plaintiff,

v.

HAMID NAJAFI, et al.,

        Defendants.

2:11-CV-1355 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Injazat Technology Fund B.S.C.'s petition to confirm a foreign arbitration award. (Doc. #1). Defendant Michael Cummiskey has filed an opposition to the petition. (Doc. #13). Defendant Hamid Najafi has not filed an opposition. Injazat has replied to Cummiskey's opposition. (Doc. #17).

**I. Background**

On July 25, 2011, an arbitrator of the International Court of Arbitration entered an award in favor of Injazat and against the defendants in this case based on Injazat's claims of intentional misrepresentation and breach of contract related certain agreements entered into by Injazat and the defendants. The arbitrator awarded Injazat $3,426,553.45. The award was entered in London, England. Injazat now moves this court to enforce the arbitration award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the convention").

**James C. Mahan**
**U.S. District Judge**

## II. Discussion

England and the United States are both signatories of the convention.[1] The convention is codified in 9 U.S.C. § 201, *et. seq.*, which applies to an "arbitral award arising out of a legal relationship . . . which is considered as commercial" and was not entered into entirely between United States citizens. 9 U.S.C. § 202. "[A]ny party to the arbitration may apply to any court having jurisdiction . . . for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207; *see also Seung Woo Lee v. Imaging3, Inc.*, 283 Fed. Appx. 490, 492 (9th Cir. 2008) (explaining that federal law enables the prevailing party in a recognized foreign arbitration proceeding to seek confirmation of the award by a United States court). Pursuant to 9 U.S.C. § 203, this court has original jurisdiction over actions or proceedings that fall under the convention. Courts "shall confirm [arbitration] award[s]" unless one of the defenses enumerated in the statute preclude confirmation. 9 U.S.C. § 207.

Defendant Cummiskey has failed to allege that any of the enumerated defenses apply. Rather, he has attacked the underlying factual and legal bases upon which the award was granted. This court, however, "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention" exist. *See* 9 U.S.C. § 207. Because Mr. Cummiskey has failed to persuade this court that an enumerated defense precludes confirmation of the award, it must be confirmed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff Injazat Technology Fund B.S.C.'s petition for confirmation of arbitral award (doc. #1) be, and the same hereby is, GRANTED.

. . .

. . .

---

[1] *See* UNCITRAL, 1958 – Convention on the Recognition and Enforcement of Foreign Arbitral Awards, http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NY Convention_status.html.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the clerk of the court
2 shall enter final judgment in favor of Injazat and against Michael Cummiskey.
3    DATED October 17, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -